1
2
3
4
5
6
7

8    # UNITED STATES DISTRICT COURT

9    # SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PAUL ADAMS,<br>12  CDCR #F-92755, | Civil No.    10cv0706 MMA (BLM) |
| 13              Plaintiff, | **ORDER:** |
| 14  vs. | **(1) DISMISSING DEFENDANTS STATE OF CALIFORNIA AND UNITED STATES; and** |
| 15 | |
| 16  DR. ARAB; DR. AL LOPEZ;<br>DR. K. BALL; DR. D. HJERPE;<br>17  J. WALKER; LARRY SMALL;<br>DOES 1-20, | **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |
| 18              Defendants. | |

19
20

21                            **I.**

22                    **PROCEDURAL HISTORY**

23          On April 1, 2010, Plaintiff Paul Adams, a state prisoner currently incarcerated at

24    Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights

25    action pursuant to 42 U.S.C. § 1983.  Plaintiff also filed a Motion to Proceed In Forma Pauperis

26    ("IFP") pursuant to 28 U.S.C. § 1915(a).  On May 6, 2010, the Court granted Plaintiff's Motion

27    to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim.  *See* May 6,

28    2010 Order at 6-7.  On May 26, 2010, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

First, Plaintiff names the State of California as a Defendant. The State of California is not a "person" subject to suit and is instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). In order to state a claim under § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

Therefore, Plaintiff's claims for monetary damages against the State of California are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, the Court must also dismiss the "United States, Federal Government" from this action. It is not clear why Plaintiff is seeking to sue the Federal Government, but if he is attempting to bring a civil rights action against a federal officer, the Court construes this as a claim arising under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

*Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355. Thus, because Plaintiff names only the "United States Federal Government," this Defendant must be DISMISSED from this action.

As for the remainder of Plaintiff's Amended Complaint, the Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Defendants State of California and United States are **DISMISSED** from this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Clerk of Court is directed to terminate these Defendants from the Court's docket.

**IT IS FURTHER ORDERED** that**:**

2.      The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 7] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's May 6, 2010 Order granting Plaintiff leave to proceed IFP [Doc. No. 6], and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each

Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

3.      Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: July 30, 2010

Hon. Michael M. Anello
United States District Judge