# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, CDCR #F-92755,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DR. ARAB, et al.,<br><br>　　　　　　　　Defendants. | Civil No.　10cv0706 MMA (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO SERVE SUMMONS UPON ALTERNATE DEFENDANTS**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST TO OBTAIN ADDRESSES; and**<br><br>**(3) DENYING MOTION FOR ENTRY OF DEFAULT**<br><br>**[Doc. Nos. 14, 17 and 19]** |

## I.
### PROCEDURAL BACKGROUND

Paul Adams ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, proceeding pro se and *in forma pauperis,* filed a civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2010, this Court issued an Order dismissing

some Defendants and directing the U.S. Marshal to effect service of Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 4(c)(3) and 28 U.S.C. § 1915(d). *See* July 30, 2010 at 5. On November 5, 2010, Plaintiff filed a "Motion to Serve Summons Upon Alternate Defendants" [Doc. No. 14]. Plaintiff later filed a Motion for Appointment of Counsel and Motion to Obtain Defendants' Addresses [Doc. No. 17], as well as a "Motion to this Court Requesting Court to Enter Default Judgment" [Doc. No. 19].

## II.

### SERVICE OF SUMMONS

On July 30, 2010, the Court issued an Order directing the U.S. Marshal ("USMS") to effect service on the Defendants named in Plaintiff's First Amended Complaint ("FAC"). *See* July 30, 2010 Order at 5.

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge").

Here, Plaintiff seeks assistance in serving Defendants Small and J. Walker. The summons as to Defendants Small has been returned "unexecuted" [Doc. No. 12]. However, no such filing has been submitted as to Defendant Walker, so the Court has no information by which to determine what steps, if any, should be taken to serve Defendant Walker.

As to Defendant Small, the return of summons unexecuted indicates that Defendant has retired from the CDCR [Doc. No. 13]. Accordingly, as long as Defendant Small's forwarding address can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service upon this Defendant on his behalf. *See Puett*, 912 F.2d at 275.

The Court hereby directs the USMS to contact either the Litigation Coordinator at the Calipatria State Prison or the CDCR's Legal Affairs Division, if necessary, and provide a current address within the CDCR's records or possession, and to forward the address(es) to the USMS in a confidential memorandum.

## III.

### MOTION TO APPOINT COUNSEL

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## IV.

### MOTION FOR ENTRY OF DEFAULT

Plaintiff also seeks an Order from this Court entering default as to Defendants Small and Walker. However, a review of the Court's docket indicates that neither of these Defendants have been properly served in this action. Thus, Plaintiff's Motion for Entry of Default is **DENIED**.

## V.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1) **DENIES** Plaintiff's Motion for Order Directing Substitute Service on Defendant Small or Walker [Doc. No. 14];

2) Plaintiff's Motion for Appointment of Counsel and Motion to Obtain Defendants' Addresses [Doc. No. 17] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request for appointment of counsel is **DENIED** without prejudice. The Court, however, **GRANTS** Plaintiff's motion to the extent it requests the USMS to obtain a forwarding address for Defendant Small and to attempt to effect service on this Defendant at his forwarding address.

3) The Court therefore **DIRECTS** the USMS to attempt to obtain the confidential address of Defendant Small pursuant to the directions set forth above. Following the receipt of any available address for Defendant Small, the Court **ORDERS** the USMS to serve a copy of Plaintiff's First Amended Complaint and summons upon this Defendant. All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

**IT IS FURTHER ORDERED that:**

4) Plaintiff's "Motion to this Court Requesting Court to Enter Default Judgment Against Served Defendants" [Doc. No. 19] is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 10, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge