UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>         Plaintiff,<br><br>  v.<br><br>ARAB, et al.,<br><br>         Defendants. | Civil No. 10cv0706-CAB (BLM)<br><br>**ORDER:**<br><br>**1) DENYING REQUEST TO APPEAL [Doc. No. 61]; and,**<br><br>**2) GRANTING REQUEST FOR EXTENSION TO TIME TO FILE AMENDED COMPLAINT [Doc. No. 63]** |

  Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants violated his constitutional rights by failing to provide him with adequate medical care. [Doc. Nos. 7&8.] Defendants filed motions to dismiss. [Doc. Nos. 27 & 46.] On January 23, 2012, the Court granted the defendants' motions to dismiss. [Doc. No. 60.] The Court allowed Plaintiff leave to amend only as to Eighth Amendment claims against Defendants Ball, Hjerpe, Lopez and Small. [*Id.* at 4.] Defendant Arab did not challenge Plaintiff's Eighth Amendment claim against him, so that claim remains in the case. [*Id.* at 4, n.2.] On February 15, 2012, Plaintiff filed a document entitled, "Request to appeal judgment in part of the matter above to appeal all defendants dismissed from complaint, and to forward necessary papers to Ninth Circuit Court of Appeals." [Doc. No. 61.] On February 23, 2012, Plaintiff filed a request for an extension of time to amend the complaint. [Doc. No. 63.] The Court addresses each of these motions below.

**A. Request to appeal**

The Court construes Plaintiffs "request to appeal judgment in part" [Doc. No. 61] as a request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and partial judgment pursuant to Federal Rule of Civil Procedure 54(b). It appears Plaintiff is seeking immediate appellate review of the Court's dismissal of the Fourteenth Amendment claims[1] against Defendants Ball, Hjerpe, Lopez, Small, and Arab. [Doc. No. 61, at 1.] The general rule, however, is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 478 (1978); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Court has not entered final judgment in this case. Plaintiff, therefore, may not appeal the Court's order, or any other decision rendered in this case, at this time unless one of the exceptions discussed below apply.

<u>1. 28 U.S.C. § 1292(b)</u>

Under federal law, a district court may certify for appeal an otherwise unappealable decision in certain exceptional circumstances. 28 U.S.C. § 1292(b). A party seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must demonstrate that (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion regarding the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. This burden is high. *See United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). District courts should not certify an issue for interlocutory appeal unless it would help avoid protracted and expensive litigation. *Id.*

In this case, the Court finds no controlling question of law at issue. *See In re Cement Antitrust Litigation*, 673 F.2d at 1026 (questions of law appropriate for interlocutory appeal include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied."). The Court dismissed Plaintiff's Fourteenth Amendment claim, because Plaintiff alleged that Defendants violated state regulation, which is not a basis for asserting a constitutional violation. [Doc. No. 60, at 2.] Nor does Plaintiff's placement in segregated housing give rise to a constitutionally protected liberty interest. [*Id.*

---

[1] In the "request to appeal," Plaintiff states that he wishes to appeal dismissal of the First and Fourteenth Amendment claims. However, it appears he previously conceded that the First Amendment claim was subject to dismissal. [Doc. No. 60, at 2 n.1.]

at 3.] Further, the Court dismissed the claims against Defendant Small, because Plaintiff failed to allege that Small personally participated in any deprivation of Plaintiff's rights. [*Id.*] The Court finds no substantial grounds for a difference of opinion or conflicting bodies of law with respect to these bases for dismissal, and Plaintiff has not identified any split of authority. Finally, the Court finds an immediate appeal of this Court's order would not advance the ultimate termination of this litigation. *Id.* ("the legislative history of § 1292(b) indicates that [this] section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."). In fact, an interlocutory appeal would further prevent the prompt and efficient resolution of this case. Accordingly, the Court will deny Plaintiff's motion for certification of an interlocutory appeal.

2. Fed. R. Civ. P. 54(b)

In accordance with the Court's January 23, 2012 order, Plaintiff's claims under the First, Fourth, Fifth and Fourteenth Amendments were dismissed with prejudice and without leave to amend. [Doc. No. 60, at 4.] To the extent that Plaintiff seeks to sever the dismissed claims so that he can immediately appeal this order, Federal Rule of Civil Procedure 54(b) is the avenue for doing so.

Federal Rule of Civil Procedure 54(b) is applicable where the district court has entered a final decision as to particular claims and/or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. *James v. Price Stern Sloan*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). "Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay." *Id.* However, partial "[j]udgment[] under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Here, Plaintiff's claims should not be severed so that he may immediately appeal their dismissal. This is not an "unusual case." *Id.* To the contrary, this Court confronts constitutional challenges to the medical care provided in prisons similar to the one presented by Plaintiff almost daily. Moreover, the Court does not find, nor has Plaintiff argued, that there are any pressing needs that require an early and separate judgment on these claims. Indeed, by entering partial judgment, the Court would only be

needlessly multiplying the number of proceedings and would only burden the Ninth Circuit's already overcrowded docket. Thus, partial judgment under Rule 54(b) is inappropriate in this case.

**B.     Request for extension of time to file amended complaint**

Plaintiff also requests a 30-day extension of time to file his amended complaint. Plaintiff claims he needs additional time, because he has limited access to the prison law library and has been working on his traverse in petition for habeas corpus he has pending. Accordingly, the Court finds good cause to **GRANT** Plaintiff's request. Plaintiff shall file his amended complaint, in accordance with the Court's January 23, 2012 order, on or before **April 20, 2012**.

**C.     Service on Defendant Walker**

The Court notes, after a review of the docket, that Defendant Walker has not properly been served. The summons on Defendant Walker was returned unexecuted. [Doc. No. 22.] The docket does not reflect any other attempts to serve this defendant. Plaintiff is hereby advised that unless he corrects this deficiency in service, Defendant Walker will be subject to dismissal pursuant to Fed. R. Civ. P. 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a *pro se* plaintiff fails to provide the Marshal with sufficient information to effect service of the summons and complaint within 120 days, *sua sponte* dismissal of the unserved defendants is appropriate); *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge"). If Plaintiff has not attempted to remedy this defect in service within 30 days of filing of the amended complaint, Defendant Walker will be **DISMISSED** without prejudice, for failure to serve under Rule 4(m).

///
///
///
///
///
///
///

**D.  Conclusion**

For the reasons set forth above, Plaintiff's request to appeal, construed by the Court as a request for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and partial judgment pursuant to Rule 54(b), is **DENIED**.  Plaintiff's request for an extension of time to file his amended complaint is **GRANTED**. Plaintiff shall file the amended complaint on or before **April 20, 2012**.

**IT IS SO ORDERED.**

DATED:  March 20, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge